In the Supreme Court of Georgia

Decided:   November 2, 2015

S15A1251.  KEMP v. MONROE COUNTY.
S15A1252.  BIBB COUNTY v. MONROE COUNTY.

THOMPSON, Chief Justice.

This is the second time this case involving a long-running boundary line dispute between Monroe County and Bibb County has appeared before this Court.   See Bibb County v. Monroe County, 294 Ga. 730 (755 SE2d 760) (2014) ("Bibb County I").  In the prior appeal, we reversed the trial court's grant of mandamus relief and remanded the case with direction for further proceedings consistent with our opinion.  On remand, the trial court entered an order directing Secretary of State Brian Kemp (the "Secretary") to consider certain evidence and to preclude him from the consideration of other evidence in determining the true boundary line between the counties.  See OCGA § 36-3-20 et seq.  Both the Secretary and Bibb County filed appeals from the trial court's order, and for the reasons discussed below, we reverse and remand the case to the trial court.

The facts, as set out in our previous opinion, show that:

In 2005, Governor Sonny Perdue appointed land surveyor Terry Scarborough to identify the boundary between the counties, pursuant to a statutory process for settling boundary disputes first established in the 1880s. See OCGA § 36-3-20 et seq.; Ga. L. 1887, pp. 106-107. In April 2008, after receiving formal authorization to proceed from the Secretary of State ("the Secretary"), Scarborough conducted his survey work and submitted his final survey and plat to the Secretary on March 27, 2009, delineating what he concluded was the true boundary line separating Monroe County and Bibb County. Bibb County filed exceptions to the final survey with the Secretary, disputing Scarborough's conclusion as to the location of the northernmost terminating point of the boundary line. Monroe County responded, defending the survey, whereupon the Secretary referred the matter to the Office of State Administrative Hearings for appointment of a Special Assistant Administrative Law Judge ("SAALJ") to hear evidence and make a recommendation. After a three-day evidentiary hearing in February and March 2011, the SAALJ recommended accepting the survey. The Secretary then held oral argument and conducted a site visit to the area along the Ocmulgee River encompassing both the terminating point identified in the Scarborough survey and the alternative terminating point argued for by Bibb County. On August 23, 2011, the Secretary issued a final determination, rejecting the Scarborough survey, thus leaving the boundary line undetermined. . . . [Scarborough subsequently offered addendum evidence in an effort to explain his conclusions but the Secretary refused to consider this evidence.]

Monroe County then filed a petition for mandamus, asserting that the Secretary had exceeded his authority in refusing to accept the Scarborough survey and failing to establish a definitive boundary line. Following a hearing, the superior court issued its final order, granting the mandamus petition and directing the Secretary to record the Scarborough survey and plat, thereby establishing the

2

boundary between Monroe County and Bibb County as that identified by Scarborough.

Id. at 731-732.

The Secretary and Bibb County then filed separate applications for discretionary appeal which this Court granted and consolidated, requesting the parties to address, in part, whether: (1) the actions of an official under OCGA § 36-3-20 et seq. may be the subject of a writ of mandamus; and (2) assuming mandamus was available, the superior court erred in granting the mandamus petition and ordering the Secretary to record the Scarborough survey. Id. This Court answered both questions in the affirmative, reversing the trial court's grant of mandamus relief because, although the trial court was authorized to grant mandamus compelling the Secretary to determine the true boundary line between the counties pursuant to OCGA § 36-3-20 et seq., it was not authorized to direct the Secretary to accept and record a particular boundary line. Id. at 739.

Before the trial court entered its order on remand, the Secretary notified the parties and the trial court of how he intended to proceed, and more specifically, of his intent to hold a hearing allowing: (1) Scarborough to present

3

his addendum evidence; and (2) to provide the parties an opportunity to respond to Scarborough's addendum evidence. Monroe County objected in the trial court to the Secretary's announced process, and the trial court asked the parties to brief the issue of whether the Secretary was authorized to hold another hearing and take additional evidence. After reviewing the parties' briefs, the trial court entered the order at issue in this appeal, prohibiting the Secretary from holding an additional hearing and considering new evidence and also finding that the Secretary's prior decision not to consider the addendum evidence was a gross abuse of discretion. These conclusions were followed by the trial court's direction that the Secretary "not [] allow the Counties to submit additional evidence or hold an evidentiary hearing before deciding the true boundary line between Bibb County and Monroe County."

The Secretary and Bibb County filed applications for interlocutory appeal which this Court granted to consider whether the trial court erred by including in its order language proscribing the Secretary from holding a new hearing or considering additional evidence before making his final determination.

1. The trial court based its ruling as to the scope of the proceedings following remand on its conclusion that our opinion in Bibb County I precluded

the actions announced by the Secretary. Our analysis, therefore, begins with a review of our decision in Bibb County I.

As previously stated, we were called upon in Bibb County I to determine, in part, whether the trial court was authorized to dictate the results of the statutory review process by directing the Secretary to record the Scarborough survey. We concluded that there are "three clear legal rights afforded to counties involved in a boundary dispute: (1) the right to file a protest to challenge the appointed surveyor's survey and plat; (2) the right to have the Secretary determine the true boundary line in accordance with the law and evidence; and (3) the right to have the Secretary record the survey and plat establishing that boundary line." Bibb County I, 294 Ga. at 737. We, thus, reversed the trial court's grant of mandamus to the extent it directed the Secretary to record the survey prepared by Scarborough because while OCGA § 36-3-20 et seq. provides counties a clear legal right to a process that results in a definitive determination of a disputed boundary line, it does not grant counties a clear legal right to any particular result of the Secretary's review process. Id. at 738. We further noted in that opinion that the statutory process does not grant counties the right to a "particular process by which the Secretary is to receive

5

evidence and reach a decision, as these matters fall within the Secretary's discretion." Id. As examples of the exercise of the Secretary's discretion, we recognized that the Secretary had referred the matter to a SAALJ for the making of specific findings, had undertaken additional investigation, and had visited the alternative terminating points argued by each county. Id. In the order being appealed, the trial court construed our acknowledgment of these examples as a substantive legal ruling intended to "expressly preclude the Secretary from allowing the record to be reopened and new evidence developed." This was not our intent.

Our acknowledgment in Bibb County I of the Secretary's prior discretionary actions was not an express holding as to any issue then before us and was not intended, either explicitly or implicitly, to address the manner in which the Secretary was authorized to proceed in the exercise of his discretion as he continued to perform his statutory duties on remand. Thus, to the extent the trial court felt constrained by Bibb County I to conclude that the Secretary was without authority to hold another hearing and receive new evidence, the trial court erred.

2. The trial court also found that allowing the parties to present new

evidence would be unfair and undermine the statutory process because it would give Bibb County a second opportunity to challenge the Scarborough survey. In support of this ruling, Monroe County argues that the Secretary was divested of all discretion with regard to the proceedings because a hearing already had been held and the record had been closed. We disagree.

In enacting the provisions related to county boundary-line disputes, the legislature did not contemplate a lawsuit between the counties, thereby imposing upon such proceedings the rules and requirements applicable in judicial proceedings. Instead, the legislature devised a means by which the State can delineate, ascertain, and make certain the boundaries between counties which are its political subdivisions. See Fine v. Dade County, 198 Ga. 655, 665 (32 SE2d 246) (1944); Early County v. Baker County, 137 Ga. 126, 128 (72 SE 905) (1911). For the purpose of these political proceedings, the legislature vested in the Secretary of State the authority to determine the true boundary line between counties where the boundary is in dispute and the discretion to fashion a process by which the Secretary is to receive evidence and reach a decision. OCGA § 36-3-24. The language of the statutes creating the scheme for determining county boundary lines, however, prescribes no particular process

but confers upon the Secretary the broad and undirected discretion to "determine from the law and evidence the true boundary line in dispute between the respective counties." Id. Thus, while the Secretary, in his discretion, may incorporate some or all of the rules and processes found in judicial proceedings when making a determination under OCGA § 36-3-24 as to the true boundary line, including procedures related to the opening and closing of the record and rules related to the time and process within which a decision must be made, the Secretary is not constrained to do so. See Fine, 198 Ga. at 665 (stating on motion for reconsideration that procedural requirements applicable in judicial proceedings do not apply in proceedings to determine a county boundary line because the Secretary of State does not act judicially under the statutes, but acts politically). See generally OCGA § 36-3-25 (imposing upon Secretary of State the obligation to record the survey and plat not within any particular time but "[u]pon the making of a decision pursuant to Code Section 36-3-24"). The Secretary, in fact, is not bound to any one process or even to follow the same process each time he is called upon to determine a true boundary line. Instead, the statutes grant the Secretary the freedom to determine in his discretion the particular process to be followed in each case.

Here, the Secretary exercised his discretion by deciding on remand to consider the Scarborough addendum evidence he originally rejected and to grant the parties the opportunity to respond, including, if necessary, the opportunity to present new evidence.[1] Contrary to the trial court's order, we find nothing in the process announced by the Secretary that contravenes his broad statutory discretion, and more specifically, we find nothing in the language of the statutory scheme that indicates a legislative intent to preclude the Secretary from exercising his discretion to re-open the evidence on remand or that imposes upon the Secretary the obligation to receive evidence and determine the boundary line within a single hearing. Accordingly, the statutory process does not prohibit the Secretary from exercising his discretion in the chosen manner.

Nor does the procedural posture of this case support the argument offered by Monroe County that the Secretary is, by considering additional evidence,

---

[1] The propriety of the trial court's ruling that the Secretary acted arbitrarily and capriciously and grossly abused his discretion by refusing to consider Scarborough's addendum evidence has not been challenged by the Secretary or Bibb County, and therefore, we do not address this issue on appeal. We note, however, that inasmuch as the trial court directed the Secretary to consider the addendum evidence in making his final decision, it appears the trial court was not concerned with the presentation of *all* new evidence but with the Secretary's decision to allow the parties to respond to Scarborough's newly admitted addendum evidence.

9

making a second determination as to the true boundary line. In fact, it was the Secretary's initial failure to make a final determination as to the boundary line between the counties that supported the grant of mandamus relief in Bibb County I and that gave rise to the proceedings on review in this appeal.

As for the trial court's finding that the Secretary's decision to hold another hearing at which the parties would be allowed to present new evidence was generally "unfair," that is a question for the legislature, not the courts. The trial court is authorized under Georgia law to disturb the Secretary's exercise of discretion only if the Secretary's actions are found to be arbitrary and capricious, amounting to a gross abuse of discretion. See Gilmer County v. City of East Ellijay, 272 Ga. 774, 777 (533 SE2d 715) (2000). No such finding was made by the trial court in this case.

It follows that the trial court erred by entering an order proscribing the Secretary from holding a hearing and considering new evidence before reaching a final decision. While the court would have been authorized on remand to direct the Secretary to make a determination as to the true boundary line, it was not authorized to direct the Secretary as to the manner in which evidence was to be received or the process by which the Secretary was to make his decision.

10

See Bibb County I, 294 Ga. at 736. See also The Citizens & Southern Nat. Bank v. Independent Bankers Assn. of Georgia, Inc., 231 Ga. 421, 425 (202 SE2d 78) (1973). We, therefore, reverse the trial court's order and remand to the trial court for proceedings consistent with this opinion. We reiterate that to the extent either party wishes to challenge the Secretary's final decision or the process by which it ultimately is made, it will be entitled to mandamus relief if it can be shown that the Secretary, in performing his statutory duties, acted arbitrarily and capriciously or grossly abused his discretion. See Bibb County I, 294 Ga. at 739 n.6 (stating that once the Secretary resumed the process for resolving the boundary dispute, "either county would be entitled to seek mandamus again if the Secretary were then to act arbitrarily and capriciously in determining the boundary line"); City of Atlanta v. Wright, 119 Ga. 207, 212, (45 SE 994) (1903) (recognizing that mandamus may be used to control an officer's discretion only "where the discretion reposed in the officer has been grossly abused, or has been arbitrarily and capriciously exercised.").

Judgment reversed and case remanded. Hines, P.J., Benham, Hunstein, Melton and Blackwell, JJ., and Judge Carla Wong McMillian concur. Nahmias, J., disqualified.